```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
OLGA P. CONTRERAS             :     Civ. No. 3:21CV01307(SALM)
                              :
v.                            :
                              :
IVAN DARIO GOMEZ              :     October 18, 2021
                              :
------------------------------x

## INITIAL REVIEW ORDER

Self-represented plaintiff Olga P. Contreras ("plaintiff"), proceeding in forma pauperis, has filed a civil Complaint [Doc. #1] naming a single defendant, Ivan Dario Gomez ("defendant"). For the reasons set forth herein, the Court **DISMISSES** the Complaint, without prejudice.

## I.   Applicable Law

The Court construes complaints filed by self-represented plaintiffs liberally. See McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156-57 (2d Cir. 2017). "In addition, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the Court will generally grant a self-represented party at least one opportunity "to file an amended complaint that attempts to state a claim upon which relief may be granted." Campbell v. HRH Hill Int'l, No. 3:17CV02148(CSH)(SALM), 2018 WL 442800, at *2

1

(D. Conn. Jan. 16, 2018) (citations and quotation marks omitted).

Federal courts are courts of limited jurisdiction. See U.S. Const., Art. III, §2, cl. 1. Federal subject matter jurisdiction exists where plaintiff has alleged a claim arising under the Constitution or laws of the United States, or where the parties are of citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. §1331; 28 U.S.C. §1332; see also Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 363 (2d Cir. 2000). It is "the obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." Da Silva, 229 F.3d at 361. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.  **Allegations of the Complaint**

Plaintiff alleges that in May 2020, she paid defendant $143 to ship two boxes to her family in Colombia, and left the boxes with him for that purpose. See Doc. #1 at 3. Plaintiff alleges that defendant stole the items she intended him to ship, and that she reported this to the local police. See id. at 6. She further asserts that she brought an action in Small Claims Court, which apparently was resolved in favor of defendant:

"After [defendant] present the evidence false to Small Claim Court the Judge order was in his favor, I am feeling unfairly how the case not was appropriate hearing." Id. (sic).

Plaintiff asserts no basis for federal jurisdiction. She alleges that she and defendant are both residents of Connecticut, see Doc. #1 at 1, and it appears that the amount in controversy is $1,485.49. See Id. at 6.

### III. Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over this case.

First, plaintiff's Complaint does not give rise to federal question jurisdiction. "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises an issue of federal law." N.Y. v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012) (quotation marks and citation omitted). The Complaint does not cite to any provision of federal law, nor assert any violation of federal Constitutional rights. Accordingly, the Court does not have jurisdiction over this matter based on a federal question.

Second, the Court does not have jurisdiction on the basis of diversity. Plaintiff states that both she and defendant are citizens of Connecticut. See Doc. #1 at 1. The Supreme Court has consistently read "the statutory formulation 'between ... citizens of different States' to require complete diversity

between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. §1332(a)(1)). Because both plaintiff and defendant are citizens of Connecticut, there is a lack of diversity. Furthermore, the amount in controversy requirement has not been met. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (quotation marks and citation omitted). As noted, it appears that the amount in controversy is $1,485.49. See Doc. #1 at 6. There is no basis for the Court to exercise diversity jurisdiction.[1]

Because the Court does not have subject matter jurisdiction

---

[1] Even if subject matter jurisdiction were established by either a federal question or diversity, the Court likely would be deprived of jurisdiction under the Rooker-Feldman doctrine. Plaintiff effectively seeks to overturn a judgment of the Connecticut Superior Court. "Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014). The Court takes judicial notice of a Connecticut Superior Court matter, Olga P. Contreras v. Ivan Dario Gomez, FST-CV20-5023987-S (Conn. Super. Ct., filed Dec. 20, 2020), raising the same factual claims as those raised here. Judgment in favor of defendant was entered on September 21, 2021, after a trial. See id. at Entry 113.

over this case, the Complaint must be dismissed. However, because the Court cannot "rule out any possibility" that an amendment of plaintiff's Complaint would be futile, and to ensure that plaintiff is able to pursue these claims further in state court, if appropriate, the Complaint is **DISMISSED, without prejudice.**

**IV.    Conclusion**

This matter is hereby **DISMISSED, without prejudice**. If plaintiff wishes to file an Amended Complaint, she may do so on or before **November 8, 2021.** If plaintiff elects to file an Amended Complaint, she must assert an adequate basis for federal jurisdiction. Plaintiff is further cautioned that she may not challenge a ruling or judgment of the Connecticut Superior Court by filing an action in this Court.

If plaintiff fails to file an Amended Complaint by November 8, 2021, this case will be closed.

It is so ordered at New Haven, Connecticut, this 18th day of October, 2021.

                                           /s/
                                 HON. SARAH A. L. MERRIAM
                                 UNITED STATES DISTRICT JUDGE